UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AKIKO FOLK and RANK FOLK, husband and wife,<br><br>                  Plaintiff,<br>   v.<br><br>PETCO ANIMAL SUPPLIES STORES, INC., a Delaware corporation,<br><br>                  Defendants. | Case No. 2:13-cv-00124-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it Defendant's Partial Motion to Dismiss Plaintiffs' Complaint (Dkt. 4). On June 11, 2011, Akiko Folk filed a complaint with the Equal Employment Opportunity Commission alleging discrimination by the Defendant Petco Animal Supplies Store, Inc. ("Petco"). Dkt. 4, Exhibit A. In the complaint, Folk alleged that shortly after she was hired by Petco in September of 2010 her manager began harassing her and making derogatory comments about her race and national origin. Dkt 1, ¶ 7-8. Folk stated the harassment worsened over time, and though she complained several times, no action was taken to remedy the situation. Folk voluntarily terminated her employment with Petco in April of 2011. *Id.* The EEOC investigated Folk's claim and granted Folk the right to sue in December of 2012, but declined to bring a suit against Petco itself. Dkt. 1, p. 11.

On March 14, 2013, Akiko Folk, with her husband, Randy Folk, filed suit against Petco in this Court, asserting eleven different claims for relief: (1) hostile work

environment, (2) retaliation, (3) gender discrimination, and (4) constructive discharge, all in violation of 42 U.S.C. § 2000e *et seq*; (5) hostile work environment, (6) retaliation, (7) gender discrimination, and (8) constructive discharge, all in violation of I.C. § 67-5901 *et seq*; (9) negligent hiring and/or supervision, (10) negligence per se, and (11) intentional infliction of emotional harm. Dkt. 1.

On April 19, 2013, Petco moved to dismiss Randy Folk from the suit, and to dismiss Counts Three and Five through Eleven of the initial complaint. That motion is now before the Court. Dkt. 4.

## ANALYSIS

Petco's motion appears to invoke three different provisions of the Federal Rules of Civil Procedure. First, Petco seeks dismissal of Randy Folk from the suit. The Court has interpreted this motion as a motion to dismiss for misjoinder pursuant to Rule 21. Second, Petco has moved for dismissal of Counts Three and Five through Eight, under Rule 12(b)(1), for lack of subject matter jurisdiction. Third, Petco has moved for dismissal of Counts Nine through Eleven under Rule 12(b)(6), for failure to state a claim under which relief may be granted.

### 1.      DISMISSAL OF RANDY FOLK

Petco has moved for the removal of Randy Folk from this suit because his claims fail as a matter of law. The Court has interpreted this motion as a motion to dismiss for misjoinder pursuant to Rule 21.

A court may drop a party from an action, on its own accord or upon a motion by either party, if the court finds misjoinder of the party. R. 21, Fed. R. Civ. P. A court

MEMORANDUM DECISION AND ORDER -- 2

should find misjoinder if a party has either failed to satisfy the conditions of permissive joinder under Rule 20(a) of the Federal Rules of Civil Procedure or if "one of several plaintiffs does not seek any relief against defendant and is without any real interest in the controversy." § 1683 What Constitutes Misjoinder and Nonjoinder, 7 Fed. Prac. & Proc. Civ. § 1683 (3d ed.).

In the immediate case, Randy Folk has not made any claims for relief against Petco. Beyond being the husband of plaintiff Akiko Folk, Randy Folk has no interest in this suit. The Court therefore finds Randy Folk was misjoined and should be dismissed pursuant to Rule 21 of the Federal Rules of Civil Procedure.

2.  DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

A federal district court must dismiss a claim if it lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). Federal Courts have the power to adjudicate employment discrimination actions brought under Title VII of the Civil Rights Act of 1964. 42 U.S. C. § 2000e-5(f)(3). *Arbaugh v. Y&H Corp.*, 546 U.S. 1235 (2006). However, a district court does not have subject matter jurisdiction over an EEOC claim, or a related Idaho state claim, unless the plaintiff has exhausted her administrative remedies before seeking judicial action. *See Fundukian v. United Blood Services*, 18 Fed. Appx. 572 (9th Cir. 2001), I.C.A. § 67-5908(2)(2013)("A complaint must be filed with the commission as a condition precedent to litigation."), *Bryant v. City of Blackfoot*, 48 P.3d 636 (Idaho 2002).  To exhaust her administrative remedies, a plaintiff must file a timely complaint with the EEOC, or applicable Fair Employment Practices Agency ("FEPA"), and allow the agency to "investigate, attempt conciliation, and, if necessary,

MEMORANDUM DECISION AND ORDER -- 3

engage the administrative process." *Sommatino v. United States*, 255 F.3d 704, 710 (9th Cir. 2001). A plaintiff's failure to exhaust her administrative remedies is properly brought under a 12(b)(1) motion. *Owsley v. Idaho Indus. Comm'n*, 106 P.3d 455, 459 (Idaho 2005).

## A.   COUNTS THREE and SEVEN: GENDER DISCRIMINATION

Counts Three and Seven of the Complaint allege gender discrimination by Petco in violation of 42 U.S.C. § 2000e et seq and I.C. § § 67-5908 *et seq*, respectively. Petco argues this Court does not have subject matter jurisdiction over Count Three because Folk did not include gender discrimination in her initial EEOC filing and has not exhausted her administrative remedies with regards to that count. The Court has included Count Seven in this analysis because it too is a gender discrimination claim which may need to be dismissed for lack of subject matter jurisdiction upon the same grounds as Count Three. The inclusion of Count Seven in this analysis by this Court *sua sponte* is permissible because this Court must dismiss a claim if at any time it determines it lacks subject-matter jurisdiction as to that claim. *See* Fed. R. Civ. P. 12(h)

A plaintiff may expand an employment discrimination action to include additional claims not charged in her initial EEOC filing if those claims are reasonably related to the original charges. *Shah v. Mt. Zion Hosp. & Med. Ctr.*, 642 F.2d 268, 271-72 (9th Cir. 1981)(citing *Oubichon v. North American Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973)). When determining whether the expanded claims and the original claims are reasonably related, courts must interpret EEOC filings "with utmost liberality" because they are generally completed by plaintiffs without the assistance of legal counsel. *B.K.B.*

MEMORANDUM DECISION AND ORDER -- 4

*v. Maui Police Dep't,* 276 F.3d 1091, 1100 (9th Cir.2002)(citing *Kaplan v. Int'l Alliance of Theatrical & Stage Employees,* 525 F.2d 1354, 1359 (9th Cir.1975)).

While a plaintiff need not have executed an EEOC filing with procedural exactness, a court should not use the reasonable relation standard to expand the EEOC filing to include every additional claim of discrimination. *See Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472, 1476 (9th Cir. 1989). Rather, courts should apply the reasonable relation standard to include only related claims of discrimination that the EEOC might uncover during its investigation. *Oubichon,* 482 F.2d at 571. In determining whether to include an additional claim, a court must both ensure the employer has received adequate notice of what legal theory is being applied to the operative facts, *Fundukian*, 18 Fed. Appx. at 574, and protect the plaintiff from needless procedural barriers, *Oubichon,* 482 F.2d at 571.

The court in *Oubichon* found that the district court appropriately expanded the plaintiff's initial EEOC complaint to include additional claims because the allegations were a "chain of related actions" involving racial discrimination. *See id.* In contrast, the court in *Encinas v. Tucson Electric Power Co.* refused to expand the plaintiff's original complaint of ongoing national origin discrimination to include a claim of racial discrimination. The *Encinas* court concluded that the plaintiff failed to provide any details in her EEOC filing which would have led the EEOC to also investigate racial discrimination. 76 Fed. Appx. 762, 763 (9th Cir. 2003).

Folk's original EEOC filing alleged discrimination based on her race, national origin, and retaliation. In Counts Three and Seven, Folk attempts to expand her EEOC

MEMORANDUM DECISION AND ORDER -- 5

charge to include gender discrimination. The Court cannot find that Folk's gender discrimination claim is reasonably related to her national origin and race based claims because, like in *Encinas*, there is nothing in Folk's original filing which would have led the EEOC to investigate the possibility of gender discrimination. The initial filing only put Petco on notice that it was being investigated by the EEOC for racial and national origin discrimination, not gender discrimination. These are wholly different claims.

Folk has not exhausted her administrative remedies in regard to her claims of gender discrimination because Folk did not include gender discrimination in her original EEOC filing and her claims of gender discrimination are not reasonably related to her other claims. The Court must therefore dismiss Counts Three and Seven for lack of subject matter jurisdiction.

    **B.    COUNTS FIVE THROUGH EIGHT: VIOLATIONS OF IDAHO CODE**

In Counts Five through Eight, Folk alleges violations, by Petco, of Idaho's Human Rights laws. Petco argues Folk has not exhausted her administrative remedies with respect to these claims because she has not filed a complaint with the Idaho Human Rights Commission ("IHRC"). Because the Court has determined that it does not have subject-matter jurisdiction over Count Seven, the following analysis will only apply to Counts Five, Six, and Eight.

When a plaintiff initially files with the EEOC, and her charge is also covered by a state or local law, the EEOC will retain the charge for processing the file but will file dual charges with the pertinent FEPA. "Fair Employment Practices Agencies (FEPAs) and

Dual Filing," *U.S. Equal Employment Opportunity Commission*, last visited June 7, 2013, http://www.eeoc.gov/employees/fepa.cfm. This dual filing system seeks to protect plaintiffs' rights under both federal and state or local law without creating additional administrative barriers. *See id.*

Petco relies on *Collier v. Turner Indus. Group, LLC* to support its theory that, "filing a charge with the EEOC does not satisfy th[e] condition precedent" for IHRC claims. Dkt. 4 at 6. *Collier* is distinguishable from the facts of this case. The plaintiff in *Collier* filed dual charges with the EEOC and the Louisiana Human Rights Commission. 797 F. Supp. 2d 1029, 1038 (D. Idaho 2011). The condition precedent required by the Idaho Human Rights Act was not met because the IHRC was not identified by the plaintiff as the applicable FEPA and thus the EEOC did not file a dual charge with the IHRC. *See id.* at 1047.

In the immediate case, when Folk filed her complaint with the EEOC she correctly listed the IHRC as the applicable FEPA for the claim. The EEOC form Folk signed specifically states that the complaint would be "filed with both the EEOC and the State or local Agency." Dkt. 4, Exhibit A at 5. When the EEOC processed Folk's complaint and granted Folk the right to sue, Folk met the condition precedent of seeking administrative review before both federal and state agencies. The Court therefore has subject matter jurisdiction over Counts Five, Six, and Eight and must deny the motion dismiss these claims.

3.      **DISMISSAL FOR FAILURE TO STATE A CLAIM**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* at 557.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not accept as true, legal conclusions that are couched as factual allegations. *Id.* Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief

will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Providing too much in the complaint may also be fatal to a plaintiff. Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued 2 months after *Iqbal*).[1]  The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990).  The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

---

[1] The Court has some concern about the continued vitality of the liberal amendment policy adopted in *Harris v. Amgen*, based as it is on language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), suggesting that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim. . ..."  Given *Twombly* and *Iqbal*'s rejection of the liberal pleading standards adopted by *Conley,* it is uncertain whether the language in *Harris v. Amgen* has much of a life expectancy.

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank,* 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866, n.1 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005).

A. **COUNT NINE: NEGLIGENT HIRING AND/OR SUPERVISION**

In Count Nine, Folk claims Petco was negligent in its hiring and/or supervision when it failed to take any corrective action to stop the alleged discrimination by her manager. Petco argues Count Nine should be dismissed because it is preempted by Folk's employment discrimination claims.

Idaho Courts have recognized that when a right to relief is provided by a statute, additional tort claims which are based on the same facts that offer the same remedy should be dismissed because they fail as a matter of law. *See, e.g. Brown v. Caldwell School Dist. No. 132,* 898 P.2d 43 (Idaho1995)(granting summary judgment to defendant on claim for breach of implied covenant of good faith and fair dealing because statute provided the same remedy), *M.A. Deatelay Const. v. City of Lewiston*, 2006 WL 980730 *1, (D. Idaho 2006)(dismissing a civil conspiracy action as a matter of law because remedy was provided by Idaho's competitive bidding laws). This Court has applied this directive to dismiss the tort claim of negligent hiring and/or supervision when it found

many of the factual allegations that formed the basis of the tort claim were identical to those that formed the plaintiff's employment discrimination claims. *See Jenott v. St. Alphonsus Reg'l Med. Ctr.*, 2009 WL 5200524 (D. Idaho Dec. 23, 2009). In *Jenott*, this Court concluded the tort action was preempted by the plaintiff's discrimination claims and dismissed the tort, along with the rest of the case, on a motion for summary judgment. *See id.*

The Idaho cases have generally dismissed "redundant torts" on a motion for summary judgment, not 12(b)(6) motions. However, other jurisdictions have dismissed redundant torts precluded by employment discrimination claims on 12(b)(6) motions. *See, e.g. Greene v. Unioin Mut. Life Ins. Co.*, 623 F.Supp. 295 (D.Me. 1985). In *Paquin v. MBNA Marketing Systems*, the Federal District Court for the District of Maine argued that if a plaintiff is granted relief for one harm under both a statute and a common law tort it "disrupt[s] the delicate balance represented by the remedial scheme set forth in the statute." Inc. 195 F. Supp. 2d 209, 211 (D. Maine 2009). Indeed, the United States Congress and the Idaho Legislature have outlined the means and limits for attaining relief in the case of employment discrimination; these statutory stipulations, "would be undermined by the allowance of a . . . tort remedy." *Id.* The District of Maine has concluded that, because of these consequences, when there statutory relief is available, "there is no . . . right to pursue a redundant common law tort." *Daigle v. Stulc*, CV-09-353-BW, 2009 WL 4738167 (D. Me. Dec. 4, 2009). The District of Maine has justified dismissing redundant torts on 12(b)(6) motions on the ground that if there is no right to

pursue a claim, the claim is not one upon which relief may be granted. *See id.* The Court is persuaded by this logic.

Although Rule 8(a) of the Federal Rules of Civil Procedure allows a plaintiff to make multiple demands for relief, "which may include relief in the alternative or different types of relief" that does not prohibit a court from using its discretion to dismiss a claim it deems duplicative or superfluous. *Tzu Chien Chen v. Thomas & Betts Corp.*, 268 F. App'x 508, 511 (9th Cir. 2008). In the immediate case, Folk has not alleged that the factual allegations of her discrimination claims are any different than those alleged in her negligent hiring claim. Absent a showing of any differentiation, the Court must conclude that Folk does not have a right to bring her negligent hiring claim, and it therefore is not a claim upon which relief may be granted. The Court therefore will grant Petco's motion to dismiss Count Nine.

### B. COUNT TEN: NEGLIGENCE PER SE

In Count Ten, Folk alleges negligence per se by Petco based on Petco's violation of the federal and state employment discrimination statutes. Petco argues federal and state employment discrimination statutes cannot form the basis of negligence per se claims and has accordingly moved for the dismissal of Count Ten.

In Idaho, courts can use statutes and administrative regulations to define the standard of care owed by a defendant in a negligence per se action. *See Sanchez v. Galey*, 112 P.2d 1234, 1242-44 (Idaho 1986)(holding OSHA regulations could be used to define the duty of care owed to employee by employer in negligence per se claim). However, a court cannot use a statute that itself grants a plaintiff a right to recover damages as the

MEMORANDUM DECISION AND ORDER -- 12

basis of a negligence per se claim. *See, e.g. Steed v. Grand Teton Council of the Boy Scout's of America*, Inc. 172 P.3d 1123, 1128-29 (Idaho 2007)(holding plaintiff did not have a negligence per se claim because I.C. § 6-1701 provided the plaintiff with a tort action in child abuse case).

The Court must note the tort claim in *Steed* was also dismissed on a motion for summary judgment. However, as discussed above, the Court may dismiss a claim upon a determination that the plaintiff has no legal right to bring the claim.

In the immediate case, Folk's claim of negligence per se is explicitly based upon Petco's alleged violations of 42 U.S.C. 2000e *et seq.* and I.C. § 67-5901 *et seq.* Dkt. 1, ¶ 55. Both of these statutes create civil causes of action. The plaintiff cannot use either of them as the basis for a negligence per se claim. The Court therefore concludes that Count Ten is not a claim upon which relief may be granted to Folk and will grant Petco's motion to dismiss it.

## C. COUNT ELEVEN: INTENTIONAL INFLICTION OF EMOTIONAL HARM

In Count Eleven, Folk alleges that Petco's conduct was intentional, extreme, and outrageous, and that she suffered severe emotional harm as a result. Petco argues the factual allegations Folk has made are not severe enough to support a claim of Intentional Infliction of Emotional Distress ("IIED") and have moved for the dismissal of Count Eleven.

A defendant's conduct must rise to the level of extreme to constitute IIED. *See Evans v. Twin Falls Cnty.*, 796 P.2d 87, 97 (Idaho 1990). This is a high standard to meet:

liability only arises "where the distress inflicted is so severe that no reasonable man could be expected to endure it." *Id.* (quoting Restatement (Second) of Torts § 46 (1965)). While the standard may be high, Courts have found racial harassment and public humiliation may rise to the level of extreme or outrageous. *See Steiner v. Showboat Operation Co.,* 25 F.3d 1459, 1466-67 (9th Cir. 1994).

Folk has alleged she experienced racial harassment, the use of a racial slur, threats and humiliation. The actual presence of these and whether they rise to the level of extreme and outrageous are triable issues of fact. In making these factual allegations Folk has at least raised the possibility of relief. Folk's claim has also met the plausibility standard required to survive a 12(b)(6) motion. *See id.* This Court therefore will not dismiss this claim.

## ORDER

**IT IS ORDERED:**

1. Defendant's Partial Motion to Dismiss Plaintiffs' Complaint (Dkt. 4) is **GRANTED IN PART** and **DENIED IN PART**.

2. As explained above, Plaintiff Randy Folk is dismissed as a plaintiff, Counts Three, Seven, Nine, and Ten are dismissed, and Counts Five, Six, Eight, and Eleven remain.



DATED: July 1, 2013

B. Lynn Winmill
Chief Judge
United States District Court